UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
LAMONT WHITE,

                                    Plaintiff,                    9:08-CV-0717
                                                                  (FJS/DRH)

              v.

C. CLARKE, Correction Officer, Auburn
Correctional Facility; T. CLARKE, Correction
Officer, Auburn Correctional Facility; and
M. STURGEN, Registered Nurse, Upstate
Correctional Facility,

                                    Defendants.

APPEARANCES:                                    OF COUNSEL:

LAMONT WHITE
Plaintiff *pro se*
01-A-4083
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                           ROGER W. KINSEY, ESQ.
New York State Attorney General                Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

### I.    Introduction

        By Decision and Order filed August 11, 2010, this Court granted in part and

denied in part defendants' motion for sanctions against plaintiff arising from his failure

to cooperate fully in discovery.  Dkt. No. 86 (the "August Order").[1]  Defendants' request

that they be afforded another opportunity to depose plaintiff was granted; that portion of

_____

        [1]  Familiarity with the procedural history of this action, detailed in the August
Order, is presumed.

defendants' motion seeking the imposition of monetary sanctions, or that a preclusion order be issued, was denied. *Id*. at 6, 8.[2]

In so ruling, however, the Court noted that because plaintiff has refused to accept mail addressed to him regarding this action since early June, 2010, the future course of this action is unclear. *See* Dkt. No. 86 at 6-7.[3]  As discussed in the August Order, plaintiff's continued refusal to accept his mail would result in his not learning of the Court's rulings in the August Order, and would require this Court to consider whether dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure is warranted. *Id*. at 7.  In order to insure that plaintiff was given specific notice of his obligations as a federal court litigant, and of the possible consequences of his failure to prosecute this action, the August Order directed plaintiff to advise the Court and counsel in writing within fifteen (15) days of the date of that Order whether he intends to pursue this action.  Plaintiff was further directed to provide a written acknowledgment of his obligation to accept mail addressed to him by the Court or defendants' counsel and, where appropriate or required, to respond thereto in a timely manner. *Id*. at 8-9.  The August Order directed the Clerk to return the file to this Court for review, including consideration of whether dismissal pursuant to Rule 41(b) is appropriate in the event plaintiff failed to comply with the August Order (either because he refused service of the Order or because he chose not to respond as directed). *Id*. at

---

[2]  Plaintiff did not respond in opposition to defendants' motion for sanctions.

[3]  As noted in the August Order, plaintiff has repeatedly refused to accept service of Court orders served on him by the Clerk, and has also refused mail addressed to him by defendants' counsel. *See id*. at 7; *see also* Dkt. Nos. 81, 83-85.

8-9.

On August 18, 2010, service of the August Order on plaintiff was returned to the Clerk as undeliverable to plaintiff.  Dkt. No. 87.  The envelope bears a handwritten notation which states "Refused 8/13/10."  *Id*.[4]  Accordingly, this Court must now consider whether dismissal is appropriate.

## II.    Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962).[5]  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).  The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether

---

[4]  The envelope also include two initials (possibly identifying the author of the notation).  The first initial is "R"; the second initial is not clear.  *See* Dkt. No. 87.

[5]  It is well-settled that the term "these rules" in Rule 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

On the present record, the Court finds that plaintiff's refusal to accept delivery of his mail and to participate in this action has caused significant delay. As set forth in the Mandatory Pretrial Discovery and Scheduling Order, discovery was to have closed on March 31, 2010, and the deadline for filing dispositive motions was set for June 29, 2010. Dkt. No. 68. The Court further finds that plaintiff has been afforded adequate notice that his continued refusal to accept mail and his failure to comply with the Court's Orders and procedural rules could result in dismissal of this action.

The Court finds that defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs plaintiff's right to receive a further chance to be heard in this case, and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with plaintiff, however, there is no meaningful way to procure his "reappearance" in and active prosecution of this action. Moreover, simply waiting for him to comply with his obligations is not likely to be fruitful, since he has refused to do so for some months now. As a result, the Court finds that the fifth factor

4

also weighs in favor of dismissal.

In sum, in light of plaintiff's prolonged refusal to accept mail addressed to him by the Clerk, and his failure to comply with the August Order and to take any action in furtherance of his claims, I recommend that this action be dismissed.

## III.    CONCLUSION

Wherefore, it is hereby

RECOMMENDED, that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.

*Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

DATED:     August 26, 2010
           Albany, New York        _____

                                    United States Magistrate Judge