UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LAMONT WHITE,

                                Plaintiff,

                 v.                                9:08-CV-717
                                                        (FJS/DRH)

C. CLARKE, Correction Officer, Auburn
Correctional Facility; T. CLARKE, Correction
Officer, Auburn Correctional Facility; and
M. STURGEN, Registered Nurse, Upstate
Correctional Facility,

                                Defendants.

---

**APPEARANCES**                                **OF COUNSEL**

**LAMONT WHITE**
01-A-4083
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **ROGER W. KINSEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

      In a Decision and Order dated August 11, 2010, Magistrate Judge Homer granted in part and denied in part Defendants' motion for sanctions against Plaintiff arising from his failure to

cooperate fully in discovery. *See* Dkt. No. 86.[1] Specifically, Magistrate Judge Homer granted Defendants' request that they be afforded another opportunity to depose Plaintiff and denied Defendants' motion seeking the imposition of monetary sanctions or for a preclusion order. *See id.* at 6, 8.

In his August 11, 2010 Decision and Order, Magistrate Judge Homer also noted that, because Plaintiff had refused to accept mail addressed to him regarding this action since early June 2010, the future course of this action was unclear. *See* Dkt. No. 86 at 6-7. Magistrate Judge Homer also advised Plaintiff that, if he continued to refuse to accept his mail, the Court would have to consider whether dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure was warranted. *See id.* at 7. To ensure that Plaintiff had specific notice of his obligations as a federal-court litigant and the possible consequences of his failure to prosecute this action, Magistrate Judge Homer directed Plaintiff to advise the Court and opposing counsel in writing within fifteen (15) days of the date of the August 11, 2010 Decision and Order whether he intended to pursue this action and to provide a written acknowledgment of his obligation to accept mail from the Court or opposing counsel addressed to him and, where appropriate or required, to respond thereto in a timely fashion. *See id.* at 8-9. Despite these specific instructions and warnings, on August 18, 2010, service of the August 11, 2010 Decision and Order was returned to the Clerk of the Court as undeliverable to Plaintiff. *See* Dkt. No. 87. The envelope bears a handwritten notation that states, "Refused 8/13/10." *See id.*

Given Plaintiff's failure to accept service of the August 11, 2010 Decision and Order, Magistrate Judge Homer addressed the issue of dismissal under Rule 41(b) of the Federal Rules

---

[1] Plaintiff did not file any papers in opposition to Defendants' motion for sanctions.

of Civil Procedure for failure to prosecute an action or to comply with the court's procedural rules or orders in a Report-Recommendation dated August 26, 2010. *See* Dkt. No. 88. In that Report-Recommendation, Magistrate Judge Homer reviewed each of the factors relevant to a determination of whether dismissal under Rule 41(b) was warranted and, after doing so, recommended that this Court dismiss this action. *See id.* at 3-5. Plaintiff did not file any objections to that recommendation. In fact, service of Magistrate Judge Homer's August 26, 2010 Report-Recommendation was returned to the Clerk of the Court as undeliverable to Plaintiff bearing the handwritten notation, "Refused to Accept." *See* Dkt. No. 89.

When a party does not object to a magistrate judge's report-recommendation, the court reviews that report-recommendation for clear error or manifest injustice. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (citation and footnote omitted). After conducting this review, "the Court may 'accept, reject, or modify, in whole or in part, the . . . recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

The Court has reviewed Magistrate Judge Homer's August 26, 2010 Report-Recommendation for clear error and manifest injustice; and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Homer's August 26, 2010 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that this action is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 10, 2010
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge